# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1877V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
DENISE HEINLE, on behalf of the ESTATE          *
OF VIRGIL HEINLE,                               *
                                                *   Special Master Katherine E. Oler
              Petitioner,                       *
                                                *
v.                                              *
                                                *
SECRETARY OF HEALTH AND                         *   Filed: January 23, 2024
HUMAN SERVICES,                                 *
                                                *
              Respondent.                       *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Matthew Devoti*, Casey, Devoti & Brockland, St. Louis, MO, for Petitioner
*Mary Holmes*, U.S. Department of Justice, Washington, DC, for Respondent

### DECISION DISMISSING PETITION[1]

## I.   Procedural History

On December 20, 2022, Denise Heinle ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] on behalf of the estate of Virgil Heinle, deceased, alleging he suffered symptoms including shortness of breath, fatigue, fever, and cough from the influenza vaccine he received on November 11, 2020, which ultimately led to his death. Pet. at 1-2, ECF No. 1. Decedent Heinle died on December 26, 2020 from acute hypoxic respiratory failure caused by acute interstitial pneumonitis and pulmonary fibrosis. *Id.* at 4.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On October 18, 2023, Respondent filed a Rule 4(c) Report stating that entitlement should be denied. Resp't's Rep. at 1, ECF No. 27. More specifically, Respondent stated that:

> In this case, the record fails to establish a more likely than not causal connection between the decedent's November 11, 2020 flu vaccination and the onset of his alleged injuries and/or death. Petitioner has not provided a medical expert report to support her claim, and the medical records alone do not establish a *prima facie* case. The affidavit submitted from Dr. Brody likewise does not provide a reputable scientific theory establishing petitioner's burden under *Althen*. 418 F.3d at 1278; *Boatmon*, 941 F.3d at 1360; Ex. 4.1 at 8. Thus, based on the current record, petitioner cannot meet her burden of proving entitlement to compensation.
>
> Absent a persuasive medical or scientific theory establishing that the vaccines at issue can cause the decedent's alleged injuries, any suggestion that the vaccines did cause them is mere speculation. On the existing record, therefore, petitioner has failed to establish by preponderant evidence that the decedent's alleged injury was caused by his November 11, 2020 flu vaccination. *See* 42 U.S.C. § 300aa-13(a)(1).

*Id.* at 5-6.

After Respondent's Rule 4(c) Report, Petitioner indicated she wished to file an expert report and requested 90 days to file the report. ECF No. 28. I issued a non-PDF Order setting a deadline of February 15, 2024 for Petitioner's expert report.

On January 23, 2024, Petitioner filed the instant motion to dismiss her petition stating:

> An investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. Petitioner understands that a decision by the Special Master dismissing her Petition will result in a judgment against her. She has been advised that such a judgment will end all of her rights in the Vaccine Program.

ECF No. 29 at 1.

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.** [3]

If Petitioner wishes to preserve her right to file a civil action in this case, she must file an election in writing with the Clerk of Court indicating her intent to file a civil action for damages within 90 days after entry of judgment. *See* Vaccine Rule 12(a).

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.